UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUL 3 1 2013
U. S. DISTRICT COURT
E DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. |
| ) | |
| VAN J. SANDERS, JR. ) | 4:13CR00317 ERW/SPM |
| and ) | |
| LEON ROBINSON III, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### COUNT ONE:
### CONSPIRACY TO DISTRIBUTE MARIJUANA

The Grand Jury charges that:

Between on or about June, 2012 to September 2012, in the Eastern District of Missouri, the District of Arizona and elsewhere, the defendants,

**VAN J. SANDERS, JR.
and
LEON ROBINSON III**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance drug, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

(1) The quantity of the mixture or substance containing a detectable amount of marijuana involved in the offense was one hundred (100) kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B)(iii).

## COUNT TWO:
## CONSPIRACY TO STRUCTURE

The Grand Jury further charges that:

At all times pertinent to this indictment:

1.  From at least August 2, 2012, through at least September 5, 2012, **ULTIMATE TRAINER, LLC.** maintained a bank account at Bank of America (account number ********2627). **VAN J. SANDERS** was signatory for the account.

2.  Title 31, United States Code, Section 5313, and 31 C.F.R. Sections 103.22 and 103.27(a) require that a financial institution that engages in a currency transaction involving more than $10,000 in United States Currency must file a report of the transaction with the Internal Revenue Service.

3.  31 C.F.R. Section 103.22(c)(2) provides that multiple transactions at the same financial institution on the same day must be treated as a single transaction. Deposits made on a weekend or holiday are treated as if received on the next business day.

4.  31 C.F.R. Section 103.11(gg) defines "structuring" to include conducting one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under Section 103.22. The regulations defines "in any manner" to include the breaking down of a single sum of currency exceeding $10,000 into smaller sums, as well as conducting a series of currency transactions, including transactions "at or below $10,000." Finally, the regulation provides that "[t]he transaction

2

or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring."

### The Charge

5.      Between August 23, 2012 to September 5, 2012, in the Eastern District of Missouri, the District of Arizona and elsewhere, the defendants,

**VAN J. SANDERS, JR.**
**and**
**LEON ROBINSON III**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: knowingly structure and assist in structuring currency transactions with a domestic financial institution for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations promulgated thereunder in violation of Title 31, United States Code, Section 5324(a)(3).

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others were committed in the Eastern District of Missouri and elsewhere;

On the dates set forth in Schedule A, which is incorporated herein, **LEON ROBINSON III** deposited United States currency into VAN J. SANDERS' **ULTIMATE TRAINER, LLC.** bank account at various Bank of America branches in the greater St. Louis area by making cash deposits in amounts and on dates set forth in Schedule A.

### SCHEDULE A

| DATE    | BANK            | ACCOUNT NO. | TOTAL CASH DEPOSITS |
|---------|-----------------|-------------|---------------------|
| 8-23-12 | Bank of America | ***2627     | $5,700.00           |

| 8-23-12 | Bank of America | ***2627 | $5,000.00 |
| 8-27-12 | Bank of America | ***2627 | $6,000.00 |
| 8-27-12 | Bank of America | ***2627 | $6,000.00 |
| 8-29-12 | Bank of America | ***2627 | $8,000.00 |
| 8-29-12 | Bank of America | ***2627 | $5,000.00 |
| | | | **Total $25,475.00** |

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE:
## STRUCTURING

The Grand Jury further charges:

1. The allegations in paragraphs 1 through 5 of Count II of this Indictment are incorporated by reference herein.

### The Charge

2. On the dates set forth in Schedule B, which is incorporated herein, in the Eastern District of Missouri, the defendant,

### LEON ROBINSON III,

conducted multiple currency transactions on the same day at the same bank, by making multiple currency deposits into Bank of America account number *****2627, as set forth in Schedule B, each in an amount under $10,000, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder.

## SCHEDULE B

| DATE | BANK | ACCOUNT NO. | TOTAL CASH DEPOSITS |
|---|---|---|---|
| 8-23-12 | Bank of America | ********2627 | $5,700.00 |
| 8-23-12 | Bank of America | ********2627 | $5,000.00 |
| | | | **Total $10,700.00** |

All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT FOUR:
## STRUCTURING

The Grand Jury further charges:

1. The allegations in paragraphs 1 through 5 of Count II of this Indictment are incorporated by reference herein.

### The Charge

2. On the dates set forth in Schedule C, which is incorporated herein, in the Eastern District of Missouri, the defendant,

### LEON ROBINSON III,

conducted multiple currency transactions on the same day at the same bank, by making multiple currency deposits into Bank of America account number *****2627, as set forth in Schedule C, each in an amount under $10,000, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder.

## SCHEDULE C

| DATE | BANK | ACCOUNT NO. | TOTAL CASH DEPOSITS |
|---|---|---|---|
| 8-27-12 | Bank of America | ********2627 | $6,275.00 |
| 8-27-12 | Bank of America | ********2627 | $6,000.00 |
| | | | **Total $12,275.00** |

All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT FIVE:
## STRUCTURING

The Grand Jury further charges:

1. The allegations in paragraphs 1 through 5 of Count II of this Indictment are incorporated by reference herein.

### The Charge

2. On the dates set forth in Schedule D, which is incorporated herein, in the Eastern District of Missouri, the defendant,

### LEON ROBINSON III,

conducted multiple currency transactions on the same day at the same bank, by making multiple currency deposits into Bank of America account number *****2627, as set forth in the Schedule D, each in an amount under $10,000, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder.

## SCHEDULE D

| DATE | BANK | ACCOUNT NO. | TOTAL CASH DEPOSITS |
|---|---|---|---|
| 8-29-12 | Bank of America | ********2627 | $6,275.00 |
| 8-29-12 | Bank of America | ********2627 | $6,000.00 |
| | | | **Total $12,275.00** |

All in violation of Title 31, United States Code, Section 5324(a)(3).

## FORFEITURE ALLEGATIONS

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count I, the defendants shall forfeit to the United States of America any property, constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such offense(s).

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offenses

3. Pursuant to Title 31, United States Code, Section 5317, upon conviction of an offense in violation of Title 31, United States Code, Sections 5313 and 5324, as set forth in Counts II through V, the defendants shall forfeit to the United States of America all property, real or personal, involved in such offense(s) and any property traceable thereto.

4. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in and traceable to said offenses.

5. If any of the property described in paragraphs 1 through 4 above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
JOHN T DAVIS, #40915MO
Assistant United States Attorney